RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT

2020 MAY 32 AM 10: 48

FILING DEPOSITORY

1  *David E Hoffman Jr, PRO SE*
    P. O. Box 16645
2   Washington, DC 20041
    (800) 882-2039
3

4       # IN THE UNITED STATES DISTRICT COURT
        ## FOR THE DISTRICT OF COLUMBIA
5

6

7   DAVID E HOFFMAN JR.                          )
    P.O. 16645, Washington, DC 20041,            )
8                        Plaintiff,              )
                                                 )
9   vs.                                          )
                                                 )
10                                               )
    State Regulatory Registry LLC (SRR) dba      )
11  Nationwide Multistate Licensing System and   )   Case: 1:20-cv-01493   JURY DEMAND
    Registry (NMLS), 1129 20ᵗʰ Street NW, 9ᵗʰ   )   Assigned To : Kelly, Timothy J.
12  Floor, Washington, DC 20036                  )   Assign. Date : 6/1/2020
13                       Defendant,              )   Description: Pro Se Gen. Civ. (F–DECK)
                                                 )
14  Homayoun Ranjijifroody dba Mortgage          )   **COMPLAINT AND JURY DEMAND**
    Enterprise America Inc. also known as        )
15  Loansmarter Inc dba Loansmarter.com,         )
16  LOANSMART Capital LLC, and Howie Jays,       )
    17301 Biscayne Blvd #1103, Aventura, FL      )
17  33160                                        )
18                       Defendants,             )
                                                 )
19  Ian Jouett and Tracy Lynn Jouett dba         )
    LoanSmart LLC, 1101 W. Mineral Avenue,       )
20  Suite 101, Littleton, CO 80120               )
21                       Defendants,             )



22

23

24              ## COMPLAINT

25      The Plaintiff, David E Hoffman Jr. ("Hoffman"), for his complaint against the

26  Defendants, State Regulatory Registry LLC ("SRR") dba Nationwide Multistate Licensing

27  System and Registry ("NMLS");  Homayoun Ranjijifroody ("Ranjifroody") dba Mortgage

28

Enterprise America Inc. ("MEA") also known as Loansmarter Inc dba Loansmarter.com ("LI");

LOANSMART Capital LLC ("LC"); and Howie Jays ("Jays"); Ian Jouett and Tracy Lynn Jouett

dba LoanSmart LLC (jointly, "DEFENDANTS") herein alleges:

## JURISDICTION AND VENUE

1. This action arises under the Trademark and unfair competition laws of the United States, the Anticybersquatting Consumer Protection Act, and District of Columbia laws concerning unfair or deceptive competition and trade practices.

2. This action is brought pursuant to 15 U.S.C. § 1114, § 1125(a), § 1125(d), and District of Columbia law concerning unfair or deceptive competition and trade practices

3. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 1338(b), and subsequent jurisdiction pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendants because Defendants have an office in, and are conducting business in, or conduct a substantial amount of business in this judicial district.

5. Defendants have also caused harm and committed unlawful acts hereinafter complained of in this judicial district, and Plaintiff Hoffman has suffered harm in this judicial district as a result of Defendants' conduct.

6. Venue is appropriate in this district in accordance with 28 U.S.C. § 1391(b) and (c).

**PARTIES**

7.  Plaintiff Hoffman is an individual having a legal mailing address of P.O. Box 16645, Washington, DC 20041.

8.  Defendant State Regulatory Registry LLC ("SRR") is a limited liability company organized under the laws of the District of Columbia and operates the Nationwide Multi-State Licensing System ("NMLS") having an office and principal place of business located at 1129 20th Street NW, 9th Floor, Washington, DC 20036.

9.  Defendant Ranjijifroody is an individual who is conducting business by promoting and selling services via the NMLS from a mailing address located at 17301 Biscayne Blvd #1103, Aventura, FL 33160 and an office address of 400 Sunny Isles Blvd, CU#1, Sunny Isles, FL 33160.

10. Defendant Mortgage Enterprise America Inc ("MEA") now known as Loansmarter Inc (LI) as of August 15, 2018 is a corporation organized under the laws of the State of Florida by Ranjijifroody and serving as it's president/ceo of the corporation and registrant of the domain name www.Loansmarter.com using both of these for promoting and selling services via the NMLS from a mailing address located at 17301 Biscayne Blvd #1103, Aventura, FL 33160 and an office address of 400 Sunny Isles Blvd, CU#1, Sunny Isles, FL 33160.

11. Defendant LOANSMART Capital LLC is a limited liability company organized under the laws of the State of Florida as of April 24th, 2018 established by Ranjijifroody and serving as it's Manager conducting business by promoting and selling services via the NMLS from a mailing address located at 17301 Biscayne

Blvd #1103, Aventura, FL 33160 and an office address of 400 Sunny Isles Blvd,

CU#1, Sunny Isles, FL 33160.

12. Defendant Howie Jays is an individual who is conducting business by promoting and

selling services via the NMLS from a mailing address located at 17301 Biscayne

Blvd #1103, Aventura, FL 33160 and an office address of 400 Sunny Isles Blvd,

CU#1, Sunny Isles, FL 33160.

13. Defendant Ian Jouett is an individual who is conducting business by promoting and

selling services via the NMLS from 1101 W. Mineral Avenue, Suite 101, Littleton,

CO 80120.

14. Defendant Tracy Lynn Jouett is an individual who is conducting business by

promoting and selling services via the NMLS from 1101 W. Mineral Avenue, Suite

101, Littleton, CO 80120.

15. Defendant LoanSmart LLC, ("LS") is a Colorado limited liability company organized

Ian Jouett under the laws of the State of Colorado conducting business by promoting

and selling services via the NMLS from 1101 W. Mineral Avenue, Suite 101,

Littleton, CO 80120.

16. Defendants are the owners of numerous domain names including but not limited to

www.loansmarter.com and www.loansmartloans.com (the "Infringing Domain

Names").

## ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Business

17. Hoffman offers mortgage services directly and through licensees.

18. Hoffman has held a mortgage license to originate loans beginning in 1998 under state license Hawaii MS-6342, and holds or has held individual state licenses in multiple jurisdictions interstate which include but are not limited to Hawaii MB-1311, and Colorado License MLO.100014879 thus, meeting the definition of interstate use as stated in his March 2007 USPTO application.

19. Hoffman has created and was first to use the valuable mark LOANSMART® for his mortgage services.

20. According to public record, Hoffman was the first to file state registrations for the use of his LOANSMART mark in Hawaii and Colorado as a trademark and/or trade name.

21. Hoffman successfully prosecuted his LOANSMART mark and application from state registrations to a federal registration with the USPTO with concurrent use established as of March 11, 2007.  Hoffman is the owner of the mark with all rights together with the goodwill that accompanies the mark to U. S. Registration No. 3,470,271 for the mark LOANSMART® in connection with mortgage banking services, namely origination, acquisition, servicing, securitization and brokerage of mortgage loans in class 36, which was registered with the U.S. Patent and Trademark Office on July 22, 2008.  A true and accurate copy of the original registration certificate is attached and marked as Exhibit _____A_____.

22. Hoffman became aware of the SAFE ACT and proactively in 'good faith' reached out to the NMLS system via phone call in 2008 to inquire of the process to transition his licenses to the NMLS and to notify the NMLS of his federal trademark registration.

23. *Hoffman was told by a representative of the NMLS that he was assigned a Unique Identifier Number but because both Hawaii, and Colorado had not yet transitioned to the NMLS, he could not transfer his licenses to NMLS at that time.*

24. Hoffman notified the NMLS representative that he was the holder of the LOANSMART® mark putting them on notice and that his mark was in interstate use in connection with his mortgage business as a sole proprietorship and that he specifically did not want the NMLS to license his LOANSMART® without his permission.

25. On or about December 31, 2014 Sections 8 and 15 Declarations were filed and approved, together with all fees due and fully paid,  thus, Hoffman's LOANSMART®  mark has become incontestable pursuant to 15 U.S.C. § 1065.  The registration has been renewed.

26. Plaintiff Hoffman has filed Sections 8 and 9 Declarations with the USPTO and approved. The registrations have been renewed.

27. The above referenced registration is in full force and effect. The registration is active and there is no final decision adverse to the owner and Plaintiff's claim of ownership of the mark.  Plaintiff's Certificate of Registration upon the principal register pursuant to § 7 (15 U.S.C. § 1057 (b)) for his LOANSMART® mark is prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate specifically mortgage banking services, namely origination, acquisition, servicing, securitization and brokerage of mortgage loans.

28. Hoffman has made continued interstate use of the LOANSMART® mark since as early as 1998.

29. Plaintiff Hoffman's registered mark LOANSMART® has priority over all Defendants by way of actual or constructive use. Under Section 7(c) of the federal trademark statute, 15 U.S.C. § 1057(c), provides that Plaintiff's mark LOANSMART® by way of the filed application, shall constitute constructive use of the mark, conferring a right of priority, nationwide in effect, on or in connection with the goods or services specified in the registration.

30. Hoffman's LOANSMART® mark has superior rights and is strong. It is inherently distinctive and represents the exceedingly valuable goodwill of Plaintiff and his mark.

31. Hoffman's mark has become well known throughout the mortgage field. Through his use of the LOANSMART® mark, Plaintiff has developed an excellent reputation for his services.

32. None of the Defendants had begun to provide services using their Infringing System and Infringing marks related to mortgage services prior to Plaintiff Hoffman's filed application on March 11, 2007 for his mark LOANSMART®. Of all parties to this action, Hoffman was first to file a federal trademark application in connection with the LOANSMART® mark pursuant to 7(c) under 15 U.S.C. § 1057(c). Thus, none of the Defendants can prevail against Plaintiff on any claim related to likelihood of confusion, and Section 2(d).

33. Hoffman has licensed his mark to LOANSMART MORTGAGE CORPORATION, a non-profit dedicated to helping low and moderate income households obtain homeownership. The corporation is member owned and controlled by Hoffman.

34. Hoffman has not allowed a period of three (3) years to pass without using his mark in commerce which is the standard for abandonment.

35. Hoffman has exercised or enforced control where possible most recently with Google Case #95-818902.

## Defendants' Business and Infringement

36. Defendant SRR operates the NMLS, the system of record for non-depository financial services licensing or registration (the "Infringing System").

37. Defendant SRR is presently making use of the Infringing System NMLS through a website (the "Infringing Website") located at the Domain Name www.nationwidelicensingsystem.org.

38. Examples of SRR's infringing use of the Infringing Marks on the Infringing Website and Infringing NMLS system are attached to this complaint as Exhibit ___B___.

39. Defendant SRR is the owner of the mark NMLS ("NMLS Mark") registered with the U.S. Patent and Trademark Office ("USPTO") for Registration No. 4099317.

40. Defendant SRR's NMLS mark and registration are live, active and in full force and effect. Thus, SRR is at least aware of the USPTO Registration system and subsequently knew or should have known of Plaintiff Hoffman's LOANSMART® mark in the normal course of maintaining their NMLS mark.

41. Defendant SRR should have determined if a valid USPTO trademark registration existed on a federal level prior to issuing or facilitating the issuance of a mortgage license while holding itself out to be a 'Nationwide Multi-State Licensing System', or 'NMLS', but failed to do so.

42. Upon information and belief, Defendant SRR via its NMLS System, collects fees as well as information, from potential applicants, and then issues or facilitates the issuance of mortgage licenses leading the consuming public and the mortgage license applicants to believe that it has the authority to issue licenses and that all licenses reported in the NMLS System are valid. Plaintiff's USPTO registered trademark is listed in the Defendant SRR NMLS System and the mark is not listed as being owned by the Plaintiff. Instead, SRR lists Plaintiff's protected mark as owned by others or in the alternative, authorized by the Plaintiff to use Plaintiff's LOANSMART® mark. SRR has issued licenses to others without Plaintiff authorization to do so. This speaks to the federal question at instance and Defendant's infringement of his LOANSMART® mark.

43. Defendant SRR and NMLS have issued and continue to issue mortgage licenses bearing the Infringing Marks via the Infringing System to the other infringing defendants without Plaintiff Hoffman's permission. Had Defendant SRR simply checked the USPTO registry before issuing licenses, a great deal of harm to Plaintiff could have been avoided. SRR and NMLS should not have issued nor allowed any applicant to use without authorization, the mark of any registered USPTO Trademark protected by federal law pursuant to the Lanham Act.

44. Defendant Ranjijifroody is an organizer, President, CEO, Manager, who operates mortgage business under the mark and business name Mortgage Enterprise America Inc, now known as Loansmarter Inc dba Loansmarter.com A Smarter Way To Fund Your Loan, and LOANSMART Capital (the "Infringing Marks"). A true and accurate copy of his infringing registrations are attached and marked as Exhibit _____.

45. Upon information and belief Defendant Jays is an organizer, President, CEO, Manager, who operates a mortgage business under the mark and business name Mortgage Enterprise America Inc, now known as Loansmarter Inc dba Loansmarter.com A Smarter Way To Fund Your Loan, LOANSMART Capital (the "Infringing Marks").

46. Upon information and belief Defendant Ian Jouett is an organizer, and managing member who operates a mortgage business under the mark and business name LoanSmart LLC dba www.loansmartloans.com (the "Infringing Marks").

47. All Defendants are presently making use of the Infringing Marks in connection with mortgage brokerage and lending services (the "Infringing Services"), and in promoting those services through websites (the "Infringing Websites") located at the Infringing Domain Names www.loansmarter.com, www.loansmartloans.com and www.nationwidelicensingsystem.org.

48. Examples of the infringing use of the Infringing Marks on the Infringing Websites are attached to this complaint as Exhibit _____D_____.

49. As seen in Exhibit _____D_____, Defendants present the "loansmart" component of the mark far more prominently which is composed of Plaintiff Hoffman's LOANSMART® mark and it is currently being advertised, disseminated and likely to cause confusion as to the source of mortgage goods and services or to deceive the public as to the true ownership of the mark and source of goods and services.

50. Prior to the full implementation of the SAFE Act and the Infringing System, Plaintiff again called the NMLS and spoke with a representative who stated that the

transitioning of mortgage licensing from the old way to the new NMLS system for Hawaii and Colorado was still pending but was not complete.  Again, Hoffman put defendant on notice about his LOANSMART® mark, and reminded the NMLS representative of his nationwide priority and exclusive right to use of his LOANSMART® mark.   He requested that any applications to use his LOANSMART® mark be forwarded to him for approval prior to issuance and that any unauthorized applications using his mark be denied.

51. Instead of responding to Hoffman's request, and without notice to Hoffman, shortly thereafter, upon information and belief, Defendant SRR and NMLS from its DC office, began facilitating the issuance of licenses bearing Plaintiff Hoffman's registered LOANSMART® mark in connection with mortgage services. Alternatively, instead of notifying potential applicants that the mortgage license being applied for contained a potential conflict with a federally registered trademark, namely Hoffman's registered mark, the Defendants SRR and NMLS issued or caused to be issued to others licenses bearing the Infringing Marks via the Infringing System and the Infringing Website bearing the registered mark LOANSMART® when they were not authorized to do so.

52. Subsequently, as a result of the Infringing Marks being issued by the Infringing System, other Defendants attempted to actually file for a federal registration at the USPTO on August 8, 2018 infringing the Plaintiff Hoffman's registered mark LOANSMART®.  Defendant Jouett filed an application with the United States Patent and Trademark Office to register the mark LoanSmart for "mortgage banking services" App. No. 88/069169 (the "Infringing Trademark Application").

53. Defendant Jouett's Infringing Trademark Application was correctly refused under Section 2(d). The USPTO issued 'A Final Office Action' on Sept 20, 2019, rejecting the application because, among other reasons, the Infringing Trademark is likely to cause confusion with Hoffman's LOANSMART® mark.

54. Defendant Ranjijifroody also attempted to file for a federal registration at the USPTO infringing Hoffman's LOANSMART® mark. Defendant Ranjijifroody filed an application with the USPTO to register the mark Loansmarter.com A Smarter Way to Fund Your Loans via application # 88/192660.  On September 20, 2019, the USPTO correctly issued a Final Action based on 2(d) likelihood of confusion with Hoffman's LOANSMART® mark.  The application has been suspended.

55. Plaintiff Hoffman has timely filed an answer to Defendants' MEA, LI and Ranjijifroody's frivolous Petition to Cancellation of his LOANSMART® mark in the TTAB proceeding #92073759 with the defenses to cancellation contained in his answer.

56. Despite Hoffman's answer to the aforementioned cancellation proceeding, Defendant Ranjijifroody willfully continues his expansion of his infringing uses of Plaintiff's LOANSMART® mark into other states even though he has already been notified of his 2(d) likelihood of confusion.

57. Pursuant to the proceeding before the TTAB initiated by Defendant Ranjijifroody through counsel, Plaintiff Hoffman was to hold an initial discovery conference prior June 5th, 2020.  Hoffman held the conference on May 27th, 2020 with Ranjijifroody's attorney of record, Francis Ciaramella.  The purpose of the call was to discuss the merits and determine if there was a possible option for settlement.  Hoffman advised

*Defendants counsel during the call that Ranjijifroody, the applicant on the USPTO*

trademark application was unknown to him and Plaintiff lacked additional

information needed to determine if any settlement negotiations could take place.

Hoffman stated that he believed the USPTO was correct to deny registration of the

mark, based on his prior registration but would be able to make a decision once he

received the investigative reports he ordered to determine if infringement was

actually occurring and proof could be obtained. Hoffman inquired as to the identity

of Defendants LOANSMART Capital, and Howic Jays as well as Ranjojifroody. Mr.

Ciaramella denied working for Ranjijifroody, even though Ranjijifroody's name

appears on both the USPTO trademark application as a CEO, and his name is listed as

an officer of the Infringing Business Loansmarter Inc. with the Florida Division of

Corporations. Mr. Ciaramella said he never heard of LOANSMART Capital and was

unaware that LOANSMART capital was connected to his client Loansmarter Inc.,

even though Defendant Ranjijifroody's name is listed on both infringing companies

Loansmarter Inc, and LOANSMART Capital with the Florida Division of

Corporations. A true and correct copy of the infringing registrations is attached and

marked as Exhibit _____C_____.

58. Defendants have obtained the Infringing Domain Names www.loansmarter.com,

www.loansmartloans.com as well as others suspected and to be determined upon

further investigation and Defendants are using those domain name in conjunction

*with the same or similar services as Hoffman .*

59. None of Defendants' actions were authorized or licensed by Hoffman to use the

LOANSMART® mark or any imitation thereof.

60. All of Defendants' actions infringing on Hoffman's trademark rights began after Hoffman began use of the LOANSMART® mark.

61. Despite demands to cease and desist all infringing activities, Defendants have refused to do so.

62. Defendants continue to market, promote, provide, and sell their Infringing Services through the same channels of trade and to the same customers as Hoffman and his licensees. As a result, consumers are likely to be confused as to the source of Defendants' Infringing Services, the affiliation between Defendants and Hoffman, or the sponsorship of Defendants' services by Hoffman due to the use of the LOANSMART® mark and infringing marks including the marks Loansmarter, Loansmarter.com A Smarter Way To Fund Your Loans, LOANSMART Capital, Loan Smart, and LoanSmart.

63. The Infringing Services are the same as or similar to Hoffman's services and those of his licensees.

64. Defendants' use of the infringing Loansmarter, Loansmarter.com A Smarter Way to Fund Your Loan, LOANSMART Capital, Loan Smart, and LoanSmart marks and business name in connection with the Infringing Services falsely creates the impression that the Infringing Services are sponsored by or affiliated with Hoffman and constitutes trademark infringement and unfair competition.

65. The Infringing Services are not Hoffman's services, and Defendants do not have the sponsorship, consent, approval, or certification of Hoffman to use the LOANSMART® mark or any trademark including the marks Loansmarter,

*Loansmarter.com A Smarter Way to Fund Your Loan, LOANSMART Capital, Loan Smart,* or LoanSmart in connection with the Infringing Services.

66. Defendants' unfair competition and infringement demonstrate intentional, willful, and bad faith attempts to deceive or to create mistake or confusion in the minds of Plaintiff's customers and potential customers and of the public, to trade on Plaintiff's goodwill, to palm off Defendants' services as those of Plaintiff, and to create the false impression of a connection, affiliation, association between Plaintiff and Defendants, or of sponsorship or approval of Plaintiff, all causing irreparable injury to Plaintiff Hoffman.

67. Plaintiff Hoffman has no adequate remedy at law.

68. By reason of Defendants' activities, Plaintiff Hoffman has suffered actual damages for injury to its goodwill and reputation, and injury to its relationships with customers and potential customers. Because of Defendants' bad faith and intentional and willful infringement, unfair competition, and deceptive trade practices, Plaintiff Hoffman is entitled to recover enhanced damages to deter Defendants from repeating their unlawful activities, as well as Hoffman's attorneys' fees and the costs of this action.


## <u>COUNT I</u>

## <u>INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK (15 U.S.C. § 1114)</u>

69. Hoffman re-alleges and incorporates by reference the allegations of paragraphs 1 through 68 as if fully set forth in this paragraph.

70. Defendants' promotion, advertising, provision, sale, and offering for sale of the Infringing Services under confusingly similar marks, including the Loansmarter,

Loansmarter Inc, Loansmarter.com A Smarter Way to Fund Your Loans,

LOANSMART Capital, Loan Smart, LoanSmart, and Loansmartloans.com, marks,

and the listing, licensing, publication or promotion thereof on the NMLS system are

likely to confuse, mislead, or deceive consumers, the public, and the trade as to the

origin, source, sponsorship, or affiliation of said services, and are intended and are

likely to cause such parties to believe in error that the Defendants' Infringing Services

have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff

Hoffman, or that Defendants are in some way affiliated with Hoffman.

71. Defendants' activities, as described herein, constitute infringement of Plaintiff

Hoffman's LOANSMART® trademark in violation of the Lanham Act, including, but

not limited to, 15 U.S.C. § 1114.

72. Defendants' use of the Loansmarter, Loansmarter Inc., Loansmarter.com A Smarter

Way to Fund Your Loan, LOANSMART Capital, Loan Smart, LoanSmart and

Loansmartloans.com marks has been and continues to be willful, deliberate, unfair,

false, deceptive, and intended to trade upon the goodwill and reputation appurtenant

to the LOANSMART® mark owned by Plaintiff.

73. Defendants' acts have damaged and will continue to damage Plaintiff Hoffman, and

Hoffman has no adequate remedy at law.

74. Plaintiff Hoffman is entitled to injunctive relief prohibiting Defendants from using the

Loansmarter,  Loansmarter Inc., Loansmarter.com A Smarter Way To Fund Your Loan

marks, LOANSMART Capital, Loan Smart, LoanSmart, Loansmartloans.com or any

marks confusingly similar to the LOANSMART® mark, in accordance with 15

U.S.C. § 1116, and to recover all damages that Hoffman has sustained and will

sustain, and all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action and attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

## COUNT II

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

75. Hoffman re-alleges and incorporates by reference the allegations of paragraphs 1 through 68 as if fully set forth in this paragraph.

76. Defendants' conduct complained of herein constitutes federal unfair competition, false designation of origin, and false advertising pursuant to 15 U.S.C. § 1125(a).

77. Defendants' intentional, unlawful, and unauthorized use in commerce of the Loansmarter, Loansmart Inc., LOANSMART Capital, Loansmarter.com A Smarter Way to Fund Your Loan, Loan Smart, LoanSmart, Loansmartloans.com trademark applications and marks confusingly similar to Hoffman's LOANSMART® mark, and Defendants' false advertising in commerce as described herein, is likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval of Defendants' services and therefore constitutes false designation of origin and false advertising, in violation of 15 U.S.C. § 1125(a). Defendants' acts have damaged and will continue to damage Plaintiff Hoffman, and Hoffman has no adequate remedy at law.

78. Plaintiff Hoffman is entitled to injunctive relief prohibiting Defendants from using the LOANSMART® trademark, or any marks confusingly similar thereto, in accordance with 15 U.S.C. § 1116, and to recover all damages that Hoffman has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result

of the infringing acts alleged above in an amount not yet known, as well as the costs of this action and attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

## COUNT III

## ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. §1125(d)

79. Hoffman re-alleges and incorporates by reference the allegations of paragraphs 1 through 68 as if fully set forth in this paragraph.

80. Upon information and belief, Defendants had and continued to have a bad faith intent to profit from the registration and continued use of the Infringing Domain Names by creating an association with Hoffman's distinctive LOANSMART® mark.

81. Defendants have registered and used the Infringing Domain Names, which incorporate the LOANSMART® mark.

82. The LOANSMART® mark was distinctive at the time of Defendants' registration and the Infringing Domain Names wholly contains the LOANSMART® mark or an imitation of that mark.

83. The Infringing Domain Names are confusingly similar to the LOANSMART® mark.

84. Plaintiff Hoffman has been damaged by Defendants' unlawful use and registration of the Infringing Domain Names and will suffer irreparable harm.

85. Defendants' acts, as aforesaid, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

86. As a result of Defendants' actions, Plaintiff Hoffman is entitled to immediate transfer of any domain names incorporating Hoffman's LOANSMART® trademark or confusingly similar marks, including the Infringing Domain Names, in accordance

with 15 U.S.C. § 1125(d)(1)(C); and an award of statutory damages of between $1,000 and $100,000 per each of the Infringing Domain Names pursuant to 15 U.S.C. § 1117(d).

## COUNT IV

## WITHDRAWAL OF THE INFRINGING TRADEMARK APPLICATION

87. Hoffman re-alleges and incorporates by reference the allegations of paragraphs 1 through 68 as if fully set forth in this paragraph.

88. Defendant Ranjijifroody is the applicant for the Infringing Trademark Application #88/192660 and the Petitioner for Cancellation through counsel in the cancellation proceeding #92073759 as well as the listed President/CEO of Mortgage Enterprise America Inc now known as Loansmarter Inc for the mark Loansmarter.com A Smarter Way to Fund Your Loan.

89. Registration of the mark that is the subject of the Infringing Trademark Application would be likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the products and services identified in that application, and is intended and is likely to cause such parties to believe in error that the Defendants' Infringing Services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff Hoffman, or that Defendants are in some way affiliated with Hoffman.

90. Defendants Ranjijifroody, Jays and Loansmarter Inc. should be ordered to withdraw the Infringing Trademark Application with prejudice in order to avoid further creation of confusion, and the dilution of the strength of Hoffman's LOANSMART® mark on the USPTO's official register.

## COUNT V

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER

## COMMON LAW

91. Plaintiff Hoffman re-alleges and incorporates by reference the allegations of paragraphs 1 through 68 as if fully set forth in this paragraph.

92. Plaintiff Hoffman owns protectable rights in its mark and trade name LOANSMART at common law.  Hoffman has used the LOANSMART mark and trade name in commerce throughout the United States, and in Hawaii, Colorado, Illinois, Maryland, Virginia, and the District of Columbia.

93. Defendants' conduct is likely to cause confusion, mistake, or to deceive as to the source of services offered by Defendants, or as to affiliation, connection, association, sponsorship, or approval of such services, and constitutes infringement of the Plaintiff's LOANSMART mark at common law.

94. Defendants are infringing the LOANSMART mark with knowledge and intent to cause confusion, mistake, or deception.

95. Defendants' conduct is aggravated by willfulness, wantonness, malice and conscious indifference to the rights and welfare of Plaintiff Hoffman, for which the laws in Hawaii, Colorado, Illinois, Maryland, Virginia, and the District of Columbia allows the imposition of exemplary damages.

96. As a direct and proximate result of Defendants' activities, Plaintiff Hoffman has suffered and will continue to suffer substantial damage unless Defendants are enjoined by this Court.

97. Under common law in Hawaii, Colorado, Illinois, Virginia, Maryland and the District of Columbia, Plaintiff Hoffman is entitled to injunctive relief and compensatory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Hoffman requests that this Court:

A.  Permanently enjoin and restrain Defendants, their officers, members, agents, servants, employees, directors, representatives, successors, assigns, related companies, and those in privity with Defendants or in active concert or participation with Defendants from:

(1) using the LOANSMART® mark or any confusingly similar phrases, trademarks, or trade names, including "Loansmarter", "Loansmarter Inc.", "Loansmarter.com A Smarter Way to Fund Your Loan(s)", "LOANSMART Capital", "Loan Smart", "LoanSmart", and  "Loansmartloans.com" in connection with the advertising, promotion, provision, and marketing of their services in a way, including as incorporated in domain names, LinkedIn affinity group titles, social media accounts, and other online platforms;

(2) representing by words or conduct that Defendants or their services are authorized, licensed, sponsored, endorsed, or otherwise connected with Plaintiff Hoffman and his LOANSMART® mark;

(3) marketing and providing any goods or services in connection with the LOANSMART® mark or confusingly similar trademarks, such as "Loansmarter Inc,", "Loansmarter", "LOANSMART Capital", "Loansmarter.com A Smarter Way to Fund Your Loan(s)," "Loan Smart", "LoanSmart", or  "Loansmartloans.com" including but not

limited to displaying promotional and marketing materials on outlets such as websites, social media platforms, and other sources available over the Internet;

(4) filing with any governmental entity, in the United States or abroad, an application or request to register a business name, d/b/a or trademark that includes the word "LOANSMART" or the phrases "Loansmarter", "Loansmarter Inc.", "LOANSMART Capital", "Loansmarter.com A Smarter Way to Fund Your Loan(s)", "Loan Smart", "LoanSmart" or "Loansmartloans.com" in it;

(5) withdraw with prejudice the Infringing Trademark Application 88/192660; and

(6) any other conduct which causes or is likely to cause confusion, mistake, deception, or misunderstanding as to the source, affiliation, connection, or association of the Infringing Services.

B.  Require Defendants immediately to transfer to Plaintiff Hoffman any domain names incorporating the LOANSMART® mark or the phrase Loansmarter, LOANSMART Capital, Loansmarter Inc, Loansmarter.com The Smarter Way to Fund Your Loan(s), Loan Smart, LoanSmart in accordance with 15 U.S.C. § 1125(d)(1)(C), including but not limited to the domain names www.loansmarter.com and www.loansmartloans.com.

C.  Award an accounting for, and enter judgment against all Defendants for, all profits received from the sale of their services in connection with the LOANSMART® mark or confusingly similar trademarks such as "Loansmarter", "Loansmarter Inc", "LOANSMART Capital", "Loansmart.com A Smarter Way to Fund Your Loan(s)", "Loan Smart", "LoanSmart", and "Loansmartloans.com" in the United States.

D. Award to Plaintiff Hoffman its damages suffered as a result of Defendants' misconduct in such sum as the Court shall find to be just as a result of the Defendants' acts complained of herein.

E. Award Hoffman exemplary damages to deter such misconduct by Defendants in the future.

F. Award to Hoffman an increase in the award of damages up to three times the amount found for deliberate and willful trademark infringement and false designation of origin by Defendants pursuant to 15 U.S.C. § 1117(a).

G. Award to Hoffman statutory damages of between $1,000 and $100,000 per each of the Infringing Domain Names pursuant to 15 U.S.C. § 1117(d).

H. Require Defendants to pay the costs of this action together with Hoffman's attorneys' fees and disbursements incurred herein.

I. Award to Hoffman pre-judgment and post-judgment interest.

J. Require Defendants pursuant to 15 U.S.C. § 1118 to destroy all materials, both in print and in electronic format, bearing the LOANSMART® trademark or confusingly similar trademarks such as "Loansmarter", "Loansmarter Inc", "LOANSMART Capital", "Loansmarter.com A Smarter Way to Fund Your Loan(s)", "Loan Smart", "LoanSmart", "Loansmartloans.com"

K. Award to Hoffman such other and further relief as this Court deems just and equitable. I declare under penalty of perjury under the laws of the District of Columbia, that the foregoing is true and correct.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending,

modifying, or reversing existing law;  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in a dismissal of my case.

By: /s/ David E Hoffman Jr, Pro Se
David E Hoffman Jr
P.O. Box 16645
Washington, DC 20041
(800) 882-2039 Telephone
Email: david@1800loansmart.com

Dated this 31st of May, 2020