IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| DAVID E. HOFFMAN JR.<br>    Plaintiff<br><br>v.<br><br>Homayoun Ranjijifroody *dba*<br>Mortgage Enterprise America Inc.<br>*aka* Loansmarter Inc. *dba*<br>Loansmarter.com, Loansmart<br>Capital LLC, and Howie Jays;<br><br>Iam Jouett and Tracy Lynn Jouett<br>*dba* LoanSmart LLC<br>    Defendants | Judge Timothy J. Kelly<br><br>C.A. 1:20-cv-01493<br><br>Date:   TBD<br>Time:  TBD<br><br>Complaint Filed:    June 1, 2020 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT RANJIJIFROODY, AKA HOWIE JAYS, MORTGAGE ENTERPRISE AMERICA, INC., AND LOANSMARTER, INC., DBA LOANSMARTER.COM'S MOTION TO DISMISS
AND
PLAINTIFF'S MOTION FOR JURISDICTION DISCOVERY**

TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | STATEMENT. | ... 3 |
| II. | FACTUAL BACKGROUND. | ... 5 |
| III. | LEGAL STANDARD. | ... 6 |
| IV. | ARGUMENT. | ... 7 |
| | A.   Exhibit inadmissible as hearsay. | ... 7 |
| | B.   Corporations must be represented by Counsel. | ... 7 |
| | C.   Jurisdictional Discovery should be afforded. | ... 8 |
| | D.   Jurisdiction over Defendant Ranjijifroody is Proper. | ... 8 |
| | E.    Venue is proper. | ... 10 |
| V. | CONCLUSION. | ... 10 |

## TABLE OF AUTHORITIES

| Authority | Page |
|---|---|
| Advantage HealthPlan Inc. v. Potter, 586 F.3d 1 (D.C. Cir. 2009) | 3, 8 |
| Blue Ribbon Pet Products, Inc. v. Rolf C. Hagen (USA) Corp., 66 F. Supp. 2d 454, 460 (E.D.N.Y. 1999) | 9 |
| Bristol Petroleum Corp. v. Harris, 901F.2d 165, 166 n. 1 (D.C. Cir. 1990) | 3 |
| Companhia Brasileira v. Applied Industrial, 640 F.3d 369, 372 (D.C. Cir. 2011) | 7 |
| D.C. Code § 13-423(a) (2004) | 6 |
| Donahue v. Far Eastern Air Transport Corp., 652 F.2d 1032, 1037 (D.C. Cir. 1981) | 8 |
| FRCP 4(k)(2) | 7-9 |
| FRE 802 | 10 |
| Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 513 (D.C. Cir. 2002) | 9 |
| In re Genentech, Inc., 566 F.3d 1338, 1348 (Fed. Cir. 2009) | 10 |
| Inwood Laboratories v. Ives Laboratories, 456 U.S. 844 (1982) | 10 |
| Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1578-79 (Fed. Cir. 1986) | 9 |
| Osborn v. President of Bank of United States, 22 U.S. (9 Wheat.) 738, 829, 6 L.Ed. 204 (1824) | 3 |
| Rose v. Silver, 394 A.2d 1368, 1372-74 (D.C. 1978) | 7 |
| Rowland v. Cal. Men's Colony, 506U.S. 194, 201-02, 113S.Ct. 716, 121L.Ed.2d 656 (1993) | 3 |
| Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 103 (2d Cir. 2010) | 10 |
| Trintec Ind. v. Pedre Promo. Prod, 395 F. 3d 1275, 1279 (Fed. Cir. 2005) | 6 |
| Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D. Pa. 1997) | 9 |

I.      STATEMENT.

Defendant Ranjijifroody, AKA Howie Jays, Mortgage Enterprise America, Inc., and Loansmarter, Inc. *dba* Loansmarter.com's Motion to Dismiss should be denied. Plaintiff Hoffman in addition makes a Motion for Jurisdiction Discovery to determine the full extent of Defendant Ranjijifroody's contacts with the District of Columbia. Plaintiff Hoffman has brought five types of claims: (1) infringement of a federally registered trademark; (2) false designation of origin and unfair competition, (3) cybersquatting, (4) withdrawal of a trademark application, and (5) unfair competition. These claims were brought based upon actions of defendants directed towards the District of Columbia ("District"), and harm suffered by Plaintiff Hoffman with the jurisdiction of the District.

Defendant Homayoun Ranjijifroody, acting *pro se*, unlawfully presents the Motion to Dismiss on behalf of the corporations Mortgage Enterprise America, Inc. and Loansmarter, Inc. *dba* Loansmarter.com. *Advantage HealthPlan Inc. v. Potter*, 586 F.3d 1 (D.C. Cir. 2009) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *quoting, Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)), (citing *Osborn v. President of Bank of United States*, 22 U.S. (9 Wheat.) 738, 829, 6 L.Ed. 204 (1824)); *see also Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 166 n. 1 (D.C. Cir. 1990) ("As a corporation, [defendant] could not appear *pro se*."). The Motion to Dismiss with respect to Defendants Mortgage Enterprise America, Inc. and Loansmarter, Inc. *dba* Loansmarter.com should be denied as being unlawfully presented.

Defendant Homayoun Ranjijifroody *aka* Howie Jays ("Ranjijfroody"), incorrectly asserts the Court does not have jurisdiction because "... Defendants does [sic] not reside or conduct business in the District of Columbia and have never resided or conducted business in the District of Columbia". Defendants' Motion ¶1. Ranjijifroody further asserts venue is improper "because no part of the events

or omissions giving rise to the claims occurred in the District of Columbia". Id. ¶3. Defendant Ranjijifroody has provided evidence showing a place of business in Florida without support.

Plaintiff Hoffman's registered mark LOANSMART® (Reg. No. 3470271), was first used in commerce in January 1998, for the services of MORTGAGE BANKING SERVICES. Plaintiff's LOANSMART® mark has become well-known in the mortgage industry, assisting various income level consumers to obtaining loans to purchase property throughout the United States.

Contrary to Ranjijifroody's evidence, and assertions, Plaintiff presents evidence below showing that Defendant Ranjijifroody has pursued expansive use of the confusingly similar "Loansmarter" mark throughout the East Coast of the United States, "from Maine to Florida". Further evidence shows Defendant Ranjijifroody markets using the confusingly similar "Loansmarter" mark to consumers outside of the United States, inviting said consumers to secure property along the East Coast of the United States. Additional evidence shows Defendant Ranjijifroody uses the confusingly similar "Loansmarter" mark on an internet-based application used to engage with consumers in obtaining mortgage-related products for the purchase of property. Defendant Ranjijidfroody further utilizes the confusingly similar "Loansmarter" mark on internet-based social media platforms for marketing to both U.S. based and international consumers of mortgage-related products. Evidence also shows Ranjijifroody enticed a District-based entity, the Conference of State Bank Supervisors (CSBS), into infringing Plaintiff Hoffman's mark by confusing consumers as to the source of the LOANSMART® mark. Ranjijifroody, by enticing CSBS to register "Loansmarter" mark under his name, filed a fraudulent petition with the CSBS as a government entity.

This Court has general jurisdiction over Defendant Ranjijfroody through its continuous and systemic marketing to and engaging with domestic and international consumers to obtain mortgage-related products for the purchase of property within the District of Columbia. This Court has specific personal jurisdiction over Defendant Ranjijfroody under traditional principles of personal jurisdiction

based on the actions of a third party by enticing and actively assisting consumers within the District to confusingly conflate the LOANSMART® mark with an incorrect source. This Court further has jurisdiction as Defendant Ranjijifroody actively engaged with consumers outside of the United States to purchase property inside the United States, establishing contact with the United States, thus establishing contact with the United States as a whole.

Last, personal jurisdiction is appropriate as Ranjijifroody filed a fraudulent application with the CSBS in order to post on the NMLS website a statement of fraudulent ownership of the "Loansmart" mark.

II.     FACTUAL BACKGROUND.

Plaintiff Hoffman established first use of the LOANSMART® mark in commerce in January 1998. Dkt. 15 ¶12. The LOANSMART® mark registered as Reg. No. 3470271 for the services "Mortgage banking services, namely origination, acquisition, servicing, securitization, and brokerage of mortgage loans in IC 036. Id. ¶14. The LOANSMART® was renewed on December 31, 2018. The LOANSMART® mark, being more than 5 years from registration and valid and subsisting, is incontestable.

As early as 2014, Defendant Ranjijifroody sought to utilize the "Loansmarter" mark on websites and via social media marketing (Exhibit A). Ranjijifroody, through its marketing, informed consumers of its ability to service the East Coast from "Maine to Florida" with mortgage-related services (Exhibit B). Defendant Ranjijifroody's "Loansmarter" marketed services were to both domestic consumers and "foreign national[s]" (Exhibit C). Defendant Ranjijifroody used the "Loansmarter" mark on an internet-based application designed to assist consumers in locating mortgage-related products for the purchase of property (Exhibit D). The "Loansmarter" entitled internet-based application, "loansmarter.com", was active in its assist, collecting necessary information from consumers in an attempt to match them with appropriate lenders and products (Exhibit E).

Defendant Ranjijifroody, using the "Loansmarter" mark, stated with working with "30+" lenders (Exhibit F). Defendant Ranjijifroody further enticed the District-based entity CSBS to post on its publicly accessible database an association between the confusingly similar mark "Loansmarter" and Defendant Ranjijifroody (Exhibit G).

Defendant Ranjijifroody attempted to register the mark "Loansmarter.com A Smarter Way to Fund Your Loans'" in an application filed with the United States Trademark Office (USPTO) on November 13, 2018 (application no. 88/192660). Dkt. 15 ¶25. Defendant Ranjijifroody's mark was rejected on the basis of likelihood of confusion by the USPTO in view of Plaintiff Hoffman's registered LOANSMART® mark. Id.

Defendant Ranjijifroody has continued to use the "Loansmarter" mark to present day even with knowledge of the likelihood of confusion established by the USPTO. Defendant Ranjijifroody's use is harmful, willful, and significantly damages the goodwill existing in Plaintiff Hoffman's registered mark, to the injury of Plaintiff Hoffman in the District.

III.    LEGAL STANDARD.

Defendant Ranjijifroody has moved to dismiss for lack of personal jurisdiction over Homayoun Ranjijifroody AKA Howie Jays, Mortgage Enterprise America, Inc., and Loansmarter, Inc. *dba* Loansmarter.com. District of Columbia permits courts to exercise general jurisdiction over a foreign entity for claims that do not arise from the entity's conduct within the District if the entity is "doing business" in the District and its business contacts are "continuous and systematic". *Trintec Ind. v. Pedre Promo. Prod*, 395 F. 3d 1275, 1279 (Fed. Cir. 2005). Specific personal jurisdiction may be exercised in the event of an entity causing tortious injury in the District of Columbia by an act outside the District of Columbia, if the entity regularly does or solicits business, engages in any other persistent course of conduct, or derives revenue from services rendered in the District of Columbia. *Id.* at 1279; *see also*,

D.C. Code § 13-423(a) (2004).

Whereas under District law, there exists a general contacts exemption to personal jurisdiction, this exemption has been deemed limited in areas where fraudulent petitions were made. *Companhia Brasileira v. Applied Industrial*, 640 F.3d 369, 372 (D.C. Cir. 2011), *quoting, Rose v. Silver*, 394 A.2d 1368, 1372-74 (D.C. 1978).

Defendant Ranjijifroody's motion regarding defendants Mortgage Enterprise America, Inc., and Loansmarter, Inc. *dba* Loansmarter.com is unlawful on the basis that a corporation must be represented by counsel. *Advantage HealthPlan Inc. v. Potter* at 4, and thus should be denied.

Plaintiff Hoffman moves for jurisdictional discovery to determine the full extent of Defendant Ranjijifroody's contacts with the District on the grounds that Plaintiff has demonstrated a level of contact between Defendant Ranjijifroody and at least one District-based entity, and more than likely more District consumers through the reach of the "Loansmart" online application, from "Maine to Florida". *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 513 (D.C. Cir. 2002) ("Because the plaintiff has "demonstrate[d] that it can supplement its jurisdictional allegations through discovery ... jurisdictional discovery is justified" and should have been afforded").

IV.   ARGUMENT.

Defendant Ranjijifroody raises two jurisdiction challenges to the Complaint, (a) lack of jurisdiction, and (b) improper venue.

    **A.**   **Exhibit inadmissible as hearsay.**  Plaintiff Hoffman notes that Defendant Ranjijifroody, while providing exhibits, did not provide support via affidavit or declaration. Plaintiff Hoffman asks these exhibits be deemed inadmissible as hearsay in accordance with FRE 802.

    **B.**   **Corporations must be represented by Counsel.**  Plaintiff Hoffman further asserts Defendant Ranjijifroody's motion to dismiss regarding defendants Mortgage Enterprise America, Inc.,

and Loansmarter, Inc. *dba* Loansmarter.com is unlawful on the basis that a corporation must be represented counsel. *Advantage HealthPlan Inc. v. Potter* at 4. The motion should be denied with regards to these defendants.

      C.     **Jurisdictional Discovery should be afforded.** For the reasons set forth above, jurisdictional discovery should be afforded Plaintiff to determine the full extent of contacts between Defendant Ranjijifroody and the District.

      D.     **Jurisdiction over Defendant Ranjijifroody is Proper.**

This Court has general jurisdiction and specific personal jurisdiction over Defendant Ranjijifroody on the basis of continuous and systematic contacts, and the causation of tortious injury in the District while regularly soliciting and directing business to and from the District while deriving substantial revenue therefrom. This Court also has jurisdiction under the basis of FRCP 4(k)(2) on the basis of Defendant Ranjijifroody regularly soliciting outside-of-the-country consumers to engage in business within the United States, thus establishing proper jurisdiction within the United States. *Donahue v. Far Eastern Air Transport Corp.*, 652 F.2d 1032, 1037 (D.C. Cir. 1981) ("... Supreme Court held that due process limitations would not be transgressed if an Ohio State court entertained a suit against the mining company brought by a nonresident of Ohio on a claim that had arisen outside the state").

Defendant Ranjijifroody, through his Facebook social media platform, regularly solicited to consumers mortgage-related products "from Maine to Florida" (Exhibit B) using the "Loansmarter" mark. The solicitations boasted of over 30+ lenders, and were directed to not only domestic consumers but international consumers (Exhibits C and F). In addition to the Facebook solicitations, Defendant Ranjijifroody used the "Loansmarter" mark on an active internet-based application designed to aid consumers in locating the most suitable mortgage-related product (Exhibit D) and on the searchable database owned by the District-based entity, thereby causing the District-based entity to infringe

Plaintiff Hoffman's LOANSMART® mark.

Defendant Ranjijifroody's internet-based application, as well as the solicitations to domestic and foreign consumers, established continuous and systematic contact with the District. In <u>Gorman v. Ameritrade Holding Corp.</u>, 293 F.3d 506 (D.C. Cir. 2002), an internet-based application established a likelihood of continuous and systematic contact with the District, the Court stating "... it is quite possible that, through its website, Ameritrade is doing business in the District of Columbia by continuously and systematically "enter[ing] into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet", *quoting, Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119, 1124 (W.D. Pa. 1997). *See also, Gorman,* at 513-14, ("... District residents use its website to engage in electronic transactions with the firm. ... customers can open ... accounts online; transmit funds ...; and use those accounts to buy and sell securities"). Defendant Ranjijifroody, as founder of Loansmarter, Inc. *dba* Loansmarter.com, willfully and knowingly promoted the infringing "Loansmarter" labeled services of the internet-based application and social media solicitations, and is thus personally liable as founder for injury caused to Plaintiff Hoffman's registered LOANSMART® mark. *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.,* 806 F.2d 1565, 1578-79 (Fed. Cir. 1986).

Jurisdiction over Defendant Ranjijifroody is further proper as he enticed a District-based entity, the Conference of State Bank Supervisors (CSBS), to infringe the "Loansmarter" mark on the Nationwide Multistate Licensing System & Registry (NMLS) online database (Exhibit G). Dkt. 15 ¶¶4, 6. *Blue Ribbon Pet Products, Inc. v. Rolf C. Hagen (USA) Corp.*, 66 F. Supp. 2d 454, 460 (E.D.N.Y. 1999) ("Hagen Canada's out-of-state acts contributed to or induced Hagen USA's infringement ... within New York and are sufficient to subject it to personal jurisdiction in New York"). The displaying of the "Loansmarter" mark on NMLS listing shows under the heading "Authorization to Represent" of Defendant Ranjijifroody's listing, thus creating confusing among consumers who utilize

the NMLS database to identify loan originators (Exhibit H). Defendant Ranjijifroody thus qualifies as a contributory infringer. *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 103 (2d Cir. 2010) ("if a manufacturer or distributor intentionally induces another to infringe a trademark ... the manufacturer or distributor is contributorially responsible for any harm done as a result of the deceit", *quoting, Inwood Laboratories v. Ives Laboratories*, 456 U.S. 844 (1982)). As Defendant Ranjijifroody induced infringement on a website owned by the District of Columbia-based CSBS, Ranjijifroody's actions are sufficient to establish jurisdiction in District of Columbia.

Personal jurisdiction is further proper as Defendant Ranjijifroody filed with a government-related agency, the CSBS, an application to post information on the mark "Loansmarter" and assert a connection with the mark. As this application is fraudulent, a contacts exemption is inapplicable here.

**E.    Venue is Proper.** Venue is proper in this case as Plaintiff Hoffman asserts sufficient basis in the District, notably having a business address in the District as well as experiencing injury due to Defendant Ranjijifroody's unlawful use of the confusingly similar "Loansmarter" mark. Further, Defendant Ranjijifroody has set forth sufficient business from Maine to Florida, which includes the District. *In re Genentech, Inc.*, 566 F.3d 1338, 1348 (Fed. Cir. 2009).

## V.    CONCLUSION.

In light of the continuous and systemic contacts with the District by Ranjijifroody, notably continuous marketing of services under the "Loansmarter" mark from "Maine to Florida", enticing out-of-country nationals to purchase property within the United States, the presentation of an internet-based application to actively assist consumers within and outside of the District to locate suitable lenders, and enticing a District-based entity to infringe Plaintiff Hoffman's mark by associating the confusingly similar "Loansmart" mark with an improper source, this Court may properly exercise jurisdiction under general and personal jurisdiction standards.

Plaintiff Hoffman further moves this court to grant jurisdiction discovery to determine the full extent of Defendant Ranjijifroody's contacts with the District.

Respectfully Submitted:

*/s/ RDWy*

Robert M. DeWitty
Appearing Pro Hac Vice
DeWitty and Associates
700 Pennsylvania Avenue, 2nd Floor
Washington, D.C. 20003
Tele:   202 380 9609
Fax:    202 413 0467

*/s/ Margaret Anthony*

Margaret Anthony
Bar Number: 366642
District Court of the
          District of Columbia
Annandale, Virginia 22003
