UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David E. Hoffman, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:20-cv-01493-TJK |
| Homayoun Ranjijifroody, aka "Howie Jays"; | ) |
| | ) |
| Loansmarter Inc.; | ) |
| | ) |
| Mortgage Enterprise America; | ) |
| | ) |
| LoanSmart LLC, Tracy Jouette and Ian Jouette, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P 12(B)(2)
FOR LACK OF PERSONAL JURISDICTION**

Defendants LoanSmart LLC ("LoanSmart"), Tracy Jouett, and Ian Jouett respectfully

submit the following Memorandum in Support of their Motion to Dismiss the First Amended

Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction as to each of

them.

**I.      Factual Background**

Defendant LoanSmart LLC ("LoanSmart") is a corporation organized under the laws of

the State of Colorado, with its principal place of business in Louviers, Colorado.  See

Declaration of LoanSmart LLC, ¶ 3.

Defendant Tracy Jouett is an individual residing in the State of Colorado.  See

Declaration of Tracy Jouette, ¶ 1.

Defendant Ian Jouett is an individual residing in the State of Colorado.  See Declaration of Ian Jouett, ¶ 1).

Each of the Defendants is a mortgage broker (see Declaration of LoanSmart LLC, ¶ 4; Declaration of Tracy Jouette, ¶ 3; and Declaration of Ian Jouett, ¶ 3); and, has a corresponding license from the Nationwide MultiState Licensing System ("NMLS") as well as a unique identifier from the NMLS (see Declaration of LoanSmart LLC, ¶ 5; Declaration of Tracy Jouette, ¶ 4; and Declaration of Ian Jouett, ¶ 4).

Each of the defendants has renewed their NMLS licenses annually over the Internet, using a computer located in Colorado.  See Declaration of LoanSmart LLC, ¶ 7; Declaration of Tracy Jouette, ¶ 6; and Declaration of Ian Jouett, ¶ 6.

None of the Defendants has had any contact with the NMLS other than this annual renewal.  See Declaration of LoanSmart LLC, ¶ 8; Declaration of Tracy Jouette, ¶ 7; and Declaration of Ian Jouett, ¶ 7.

None of the Defendants engage in business activities in the District of Columbia.  See Declaration of LoanSmart LLC, ¶ 9; Declaration of Tracy Jouette, ¶ 8; and Declaration of Ian Jouett, ¶ 8.

None of the Defendants derive income from the District of Columbia.  See Declaration of LoanSmart LLC, ¶ 10; Declaration of Tracy Jouette, ¶ 9; and Declaration of Ian Jouett, ¶ 9.

None of the Defendants contract to supply services in the District of Columbia.  See Declaration of LoanSmart LLC, ¶ 11; Declaration of Tracy Jouette, ¶ 10; and Declaration of Ian Jouett, ¶ 10.

None of the Defendants own or lease real property in the District of Columbia.  See Declaration of LoanSmart LLC, ¶ 12; Declaration of Tracy Jouette, ¶ 11; and Declaration of Ian Jouett, ¶ 11.

None of the Defendants have employees who reside in the District of Columbia.  See Declaration of LoanSmart LLC, ¶ 13; Declaration of Tracy Jouette, ¶ 12; and Declaration of Ian Jouett, ¶ 12.

None of the Defendants have bank accounts in the District of Columbia.  See Declaration of LoanSmart LLC, ¶ 14; Declaration of Tracy Jouette, ¶ 13; and Declaration of Ian Jouett, ¶ 13.

None of the Defendants pay taxes to the government of the District of Columbia.  See Declaration of LoanSmart LLC, ¶ 15; Declaration of Tracy Jouette, ¶ 14; and Declaration of Ian Jouett, ¶ 14.

Neither of the individual Defendants has attended any trade shows on behalf of defendant LoanSmart, or any other person or entity, in the District of Columbia.  See Declaration of Tracy Jouette, ¶ 15, and Declaration of Ian Jouett, ¶ 15.

## II.  Legal Standard

The Plaintiff bears the burden of pleading sufficient, specific facts to establish a *prima facie* case for personal jurisdiction:

> Under Rule 12(b)(2), the plaintiff bears the burden of making a "prima facie showing of the pertinent jurisdictional facts" to establish personal jurisdiction. *Md. Dig. Copier v. Litig. Logistics, Inc.*, 394 F. Supp. 3d 80, 86 (D.D.C. 2019) (quoting *Livnat v. Palestinian Auth.*, 851 F.3d 45, 56-57 (D.C. Cir. 2017)). Conclusory statements are not enough to satisfy this burden—"the plaintiff 'must allege specific acts connecting [each] defendant with the forum.'" *IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 107-08 (D.D.C. 2018) (quoting *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001)). When evaluating a 12(b)(2) motion, "the Court is not limited to the four corners of the operative complaint, [and] 'may receive and

weigh affidavits and other relevant matter to assist in determining jurisdictional facts.'" *Xie v. Sklover & Co., LLC*, 260 F. Supp. 3d 30, 37 (D.D.C. 2017) (quoting *Khatib v. All. Bankshares Corp.*, 846 F. Supp. 2d 18, 26 (D.D.C. 2012)). The Court must resolve factual disputes in favor of the plaintiff, but it is not required to accept inferences unsupported by the facts. *IMAPizza*, 334 F. Supp. 3d at 108.

*Sapieyevski v. Live Nation Worldwide, Inc.*, Civil Action No. 18-cv-830 (TJK) (D. D.C. July 31, 2020)

## III.   Argument

### A.   This Court Lacks General Personal Jurisdiction Over Any of the Defendants.

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011). The paradigmatic forum for the exercise of general jurisdiction over a business is its place of incorporation and principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (holding California court lacked general jurisdiction over a defendant that was not incorporated in California and did not have its principal place of business in California). Moreover, Due Process prohibits courts from exercising general jurisdiction over a business unless its "affiliations with the State" in which suit is brought are so constant and pervasive as to render it "essentially at home in the forum State." *Id* at 919.

It would be "unacceptably grasping" to "exercise . . . general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'" *Daimler AG*, 134 S. Ct. at 761. Thus, even "continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Id*. at 757 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)).

Here, it is clear that the Court lacks general personal jurisdiction over any of the Defendants.  Individual Defendants Tracy and Ian Jouett are domiciled in Colorado.  Neither are

4

domiciled in the District of Columbia, therefore there is no general jurisdiction over them in the District of Columbia. Defendant LoanSmart is a corporation organized under the laws of the State of Colorado and has its principal place of business in Colorado. LoanSmart is not "essentially at home" in the District of Columbia and is not amenable to general jurisdiction in the District of Columbia.

### B. This Court Lacks Specific Personal Jurisdiction Over Any of the Defendants With Respect to the Allegations of the First Amended Complaint.

Without recourse to general personal jurisdiction, the Plaintiff must carry his burden of proof of personal jurisdiction by properly alleging that this Court has specific personal jurisdiction over all of the Defendants. He has failed to do so.

The District of Columbia's long-arm statute permits personal jurisdiction over a non-domiciliary under D.C. Code § 13-423 as follows: "(a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's -- (1) transacting any business in the District of Columbia." Note that the District of Columbia's long-arm statute also contains a provision explicitly limiting long-arm jurisdiction to claims arising out of the acts which give rise to long-arm jurisdiction. (*See* D.C. Code § 13-423 (b): "[w]hen jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him" (emphasis added).)

The Plaintiff has not specifically identified what section of the District of Columbia long-arm statute he relies on to establish specific personal jurisdiction. The First Amended Complaint alleges as follows for the entirety of its justification for personal jurisdiction over the Defendants in the District of Columbia. First with respect to all defendants generally, the First Amended Complaint alleges:

> 3.      Defendants, either directly or through their agents, purposefully availed themselves of the laws of the District of Columbia by transacting business in the jurisdiction, notably by entering into agreements with entities controlled or owned by the Conference of State Bank Supervisors (SBS), as [sic] District of Columbia based entity.

ECF 12, p. 2.

The First Amended Complaint then essentially reiterates this allegation with respect to

LoanSmart, Tracy Jouett, and Ian Jouett as follows:

> 9.      Defendant LoanSmart LLC is a corporation that conducts business by promoting and selling services via the Nationwide Multi-State Licensing System ("NMLS"), a registration system controlled and owned by [sic] Conference of State Bank Supervisors, a Washington, D.C.-based entity having an address of 1129 20th Street, NW, 9th Floor, Washington, D.C. 20036. Defendant LoanSmart LLC holds the NMLS-issued Unique ID number 1013945.

> 10.     Defendant Tracy Jouett is an individual who is conducting business by promoting and selling services via the Nationwide Multi-State Licensing System ("NMLS"), a [sic] a registration system controlled and owned by [sic] Conference of State Bank Supervisors, a Washington, D.C.-based entity having an address of 1129 20th Street, NW, 9th Floor, Washington, D.C. 20036. Defendant Tracy Jouett holds the NMLS-issued Unique ID number 1012708.  On information and belief, Defendant Tracy Jouett purchased and registered the domain name www.loansmartloans.com.

> 11.     Defendant Ian Jouett is an individual who is conducting business by promoting and selling services via the Nationwide Multi-State Licensing System ("NMLS"), a registration system controlled and owned by [sic] Conference of State Bank Supervisors, a Washington, D.C.-based entity having an address of 1129 20th Street, NW, 9th Floor, Washington, D.C. 20036. Defendant Ian Jouett holds the NMLS-issued Unique ID number 320263.

ECF 12, pp. 3-4.

Based on this language, it appears that the Plaintiff is relying on D.C. Code § 13-423(a)(1), *i.e.*, "transacting any business in the District of Columbia" for specific personal jurisdiction.[1]

However, none of these paragraphs in the First Amended Complaint establish that the Court has personal jurisdiction over LoanSmart, Tracy Jouett, or Ian Jouett. The only factual basis the Plaintiff alleges for personal jurisdiction in the District of Columbia is that the Defendants have registered themselves with the NMLS system. This claim is fatally defective because the Plaintiff's claims of trademark infringement, unfair competition, and cybersquatting in no way arise from the Defendants' registration with the NMLS system. Taken to its logical conclusion, the Plaintiff's theory of personal jurisdiction in this case would mean that every mortgage broker in the United States that has an NMLS registration would be amenable to suit in the District of Columbia for any claim relating to their business practices, no matter where they were located or where the activities complained of took place. That is simply not the law:

> In order for a court to exercise specific jurisdiction over a claim, there must be an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Goodyear*, 564 U.S., at 919, 131 S.Ct. 2846 (internal quotation marks and brackets in original omitted). When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State. See *id.*, at 931, n. 6, 131 S.Ct. 2846 ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales").

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017).

---

[1] The following analysis would not change under any of the other sections of the District of Columbia long-arm statute.

1. **The Plaintiff's Claims Do Not Arise Out of the Defendants' Mere Registration with the NMLS System.**

The First Amended Complaint alleges that it arises under "the Trademark and Unfair Competition Laws of the United States, the Anticybersquatting Consumer Protection Act, and District of Columbia laws concerning unfair or deceptive competition and trademark practices." ECF 12, ¶ 1. The counts listed in the First Amended Complaint are infringement of a federally registered trademark (ECF 12, p. 8, Count I), false designation of origin and unfair competition (ECF 12, p. 9, Count II), the Anticybersquatting Consumer Protection Act (ECF 12, p. 10, Count III), withdrawal of an [allegedly] infringing trademark application (ECF 12, p. 11, Count IV), and common-law trademark infringement and unfair competition (ECF 12, p. 12, Count V).

None of the Defendants' actions in requesting, receiving, and renewing licenses with the NMLS are relevant to the Plaintiff's claims. These were routine administrative actions, required of Defendants in order to offer and provide services as mortgage brokers in Colorado. Subjecting Defendants to personal jurisdiction on this basis would be comparable to asserting personal jurisdiction over every member of the District of Columbia Bar Association based on their actions in obtaining and annually renewing memberships and holding unique bar membership numbers, regardless of the location of their domicile or practice. Neither the District of Columbia long-arm statute, nor due process, support such an expansive scope of personal jurisdiction.

The present case is similar to *Jung v. Association of American Medical Colleges*, 300 F.Supp.2d 119 (D. D.C. 2004), where the plaintiff alleged personal jurisdiction based on the institutional defendants' interactions with the National Resident Matching Program ("NRMP"), an Illinois not-for-profit corporation managed and operated by the American Association of Medical Colleges ("AAMC") from AAMC's principal office in Washington, D.C. Several

8

defendants each participated in the NRMP by "contracting to participate in the program, submitting its preference list to the NRMP, <u>which operates from the AAMC's office in the District of Columbia</u>". *Id*. at 130 (emphasis added).  The court observed that defendants' submissions to the NRMP included "quota change forms, updates of institutional information, information and association data forms and/or 'reversion' of unfilled position forms" which were communicated to the NRMP up to ten times per year, and that "It is these additional contacts on which plaintiffs base their assertion that in providing a steady stream of information into the District of Columbia in order to effectuate the Match, the moving institutional defendants 'transacted business' to an extent sufficient to provide jurisdiction under Section 13-423(a)(1) of the long-arm statute." *Id*.  at 130-131.

The court declined to exercise personal jurisdiction, finding that "the contacts simply are not of the quality that would support a conclusion that the institutional defendants have 'purposefully availed [themselves] of the privilege of conducting business in the forum state,' such that they 'should reasonably anticipate being haled into court' here under Section 13-423(a)(1)", *id*. at 131, and that "the moving institutional defendants' entry into the Institutional Match Contract, and the accompanying electronic and/or mail correspondence those defendants sent into the District in support of the contract, do not and cannot provide a basis for personal jurisdiction under Section 13-423(a)(1) of the long-arm statute", *id*. at 133.

In *Urquhart-Bradley v. Cushman & Wakefield, Inc.*, Civil Case No. 18-2213 (D. D.C. June 19, 2019), the defendant's contact with the District of Columbia was limited to a telephone call originating outside the District of Columbia terminating the Plaintiff's employment.  Noting that "this Court has specific personal jurisdiction as long as D.C. is "affiliat[ed]" with "the underlying controversy" because of the defendant's "activity or occurrence" in D.C.", *id*. at 2

(citations omitted), the court found that the phone call was not enough to create personal

jurisdiction and dismissed the plaintiff's claims under Fed. R. Civ. P. 12(b)(2).  The present

Defendants' annual on-line renewals with the NMLS present similarly *de minimis* contacts with

the District of Columbia that, moreover, are unrelated to the Plaintiff's claims.

It is indisputable that the NMLS registry is a mere registry of mortgage loan originators.

According to the NMLS web site, with emphasis added:

> The Nationwide Multistate Licensing System ("Nationwide
> Mortgage Licensing System," NMLS," or the "System") is the
> system of record for non-depository, financial services licensing or
> registration in participating state agencies, including the District of
> Columbia and U.S. Territories of Puerto Rico, the U.S. Virgin
> Islands, and Guam.  In these jurisdictions, NMLS is the official
> system for companies and individuals seeking to apply for, amend,
> renew and surrender license authorities managed through NMLS
> by 64 state or territorial governmental agencies. <u>NMLS itself does
> not grant or deny license authority</u>.
>
> NMLS is the sole system of licensure for mortgage companies for
> 58 state agencies and the sole system of licensure for Mortgage
> Loan Originators (MLOs) for 59 state and territorial agencies.
> Over three-quarters of the states also currently manage additional
> license types through the System in the money services business,
> debt and consumer finance industries.
>
> NMLS is also the system of record for the registration of
> depositories, subsidiaries of depositories, and MLOs under the
> Consumer Financial Protection Bureau's Regulation G (S.A.F.E.
> Mortgage Licensing Act – Federal Registration of Residential
> Mortgage Loan Originators), published December 19, 2011.

NMLS Resource Center, https://nationwidelicensingsystem.org/about/Pages/default.aspx (as of
January 4, 2021).

Thus, the NLMS is a mere registry of persons and entities authorized by the relevant state

licensing boards to act as mortgage loan originators.  The NMLS does not grant or deny such

licensing status; that is in the purview of state regulators.  NMLS merely provides a nationwide

registry of these persons/ entities. To the extent Ian and Tracy Jouett have personally registered

themselves with the NMLS, such registration is entirely unrelated to any of the Plaintiff's claims of trademark infringement, unfair competition or cybersquatting.  The listing of Ian and Tracy Jouett's personal information in the NMLS database does not in any way constitute infringement of the Plaintiff's trademark, or unfair competition or cybersquatting.  There is simply no connection between the Jouett's personal registration in the NMLS system and the Plaintiff's claims in this action.

Similarly, the listing of LoanSmart LLC as an entity in the NMLS registry does not give rise to the Plaintiff's claims, and therefore no long-arm jurisdiction exists in this case.  The NMLS listing of LoanSmart LLC, which is a mere trade name, and not a trademark, does not advertise any service or perform any service in the District of Columbia.  In order to constitute trademark infringement, an alleged infringing mark must be used "in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion." 15 U.S.C. § 1114(1)(a).  Here, the mere listing of LoanSmart LLC as an entity in the NMLS registry does not constitute a sale of the relevant services or even an offer for sale of such services.  There is no indication of what services LoanSmart LLC offers by way of the mere registration with NMLS.  Similarly, there is no advertisement of the services, because the mere registration that identified LoanSmart LLC as an NMLS member does not state the services provided, or any of the essential terms under which such services might be provided, so as to qualify as an advertisement.  Simply put, the mere registration of LoanSmart LLC with the NMLS is not an act that constitutes trademark infringement, and therefore, the Plaintiff's claims do not arise out of such activity, and such activity cannot be a basis for personal jurisdiction under the District of Columbia's long-arm statute.

It is noteworthy that the Conference of State Bank Supervisors, which manages the NMLS, has previously been categorized as a quasi-governmental agency: "The federal bank regulatory agencies had much experience in reviewing commercial lending."  *Haralson v. Federal Home Loan Bank Bd.*, 655 F.Supp. 1561, 1563 (D. D.C. 1987); "These agencies are the Federal Reserve Bank, the Federal Deposit Insurance Company, the Conference of State Bank Supervisors, and the Comptroller of the Currency." *Id.*, 1571 n.1.  Similarly, "In addition to setting minimum standards for loan originators, the SAFE Act also encourages States, through the [sic] through the Conference of State Bank Supervisors ("CSBS") and the American Association of Residential Mortgage Regulators ("AARMR"), to establish a nationwide mortgage licensing system and registry."  *Neighborhood Assistance Corp. of Am. v. Consumer Fin. Prot. Bureau*, 907 F. Supp. 2d 112, 117 (D. D.C. 2012).

In *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34 (D. D.C. 2003), the plaintiffs alleged personal jurisdiction based in part on the defendants' action in lobbying federal agencies and Congress.  The court noted that "the courts of this jurisdiction have long recognized 'a government contacts' exception to the 'transacting business' provision of the long-arm statute", *id*. at 44, and further that "It is established law that a defendant's filings with a federal agency generally do not subject that defendant to the jurisdiction of the Court", *id*. at 45.  Although the NMLS and CSBS may not be governmental agencies as such, the CSBS is recognized in federal case and statutory law as an important instrument in managing the national mortgage licensing system, such that the Defendants' mere interaction with the NMLS in obtaining and renewing broker licenses should be similarly excluded from the category of contacts that support personal jurisdiction.

### 2. Besides Their Mere Registration with the NMLS System, the Defendants Have No Other Contacts with the District of Columbia

As has already been described, neither the entity defendant, LoanSmart, nor the

individual Defendants, Tracy and Ian Jouett, have any contacts with District of Columbia, and

thus the Court has no general or specific personal jurisdiction over them.  *See supra* under

Section I, Factual Background, and the referenced Declarations of LoanSmart, Tracy Jouett, and

Ian Jouett.

The Plaintiff, who bears the burden of demonstrating the Court has personal jurisdiction

in this case, has not identified any contacts the Defendants have with this forum, because none

exist.

### C. Traditional Notions of Fair Play and Substantial Justice Demonstrate that this Court Lacks Personal Jurisdiction Over the Defendants.

The absence of specific personal jurisdiction over Defendants is dispositive on the

question of whether the exercise of personal jurisdiction would violate the Due Process Clause:

> To establish specific personal jurisdiction in federal court, the
> plaintiff must serve the defendant in accordance with (at least) the
> forum territory's long-arm statute and (at most) the Fifth
> Amendment's due process clause. *See GTE New Media Servs. Inc.
> v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). And
> here, since D.C.'s long-arm statute reaches as far as the Fifth
> Amendment allows, *see Mouzavires v. Baxter*, 434 A.2d 988, 991
> (D.C. 1981) (en banc), that two-step inquiry collapses into one:
> this Court has specific personal jurisdiction as long as D.C. is
> "affiliat[ed]" with "the underlying controversy" because of the
> defendant's "activity or occurrence" in D.C. *Goodyear*, 564 U.S. at
> 919; *see also* Fed. R. Civ. P. 4(k)(1)(A).

*Urquhart-Bradley*, Civil Case No. 18-2213, at 2 (D. D.C. June 19, 2019) (granting motion to
dismiss under Rule 12(b)(2) for lack of personal jurisdiction).

Because Defendants' contacts with the District of Columbia do not support specific

personal jurisdiction under the District of Columbia long-arm statute, the exercise of such

13

jurisdiction would violate the Fifth Amendment's due process clause.  Furthermore, one of the

factors under the "traditional notions of fair play and substantial justice" test to authorize

personal jurisdiction in a forum is that "the state has an interest in providing its residents with the

opportunity to redress grievances inflicted by out-of-state defendants." *Fisher v. Bander*, 519

A.2d 162 (D.C. 1986).  Here it is clear that the District of Columbia has no interest in providing

this Plaintiff with a forum for resolution of his alleged grievances.  The Plaintiff is a not a

resident of the District of Columbia.  According to the First Amended Complaint, all the Plaintiff

claims as his connection to the District of Columbia is that he "is an individual whom [*sic*]

regularly conducts business within the District of Columbia," and that he has a business mailing

address (a mere post-office box) within the District.  The District of Columbia, District has no

particularized interest in adjudicating the claims of Mr. Hoffman, a non-resident.  Therefore,

traditional notions of fair play and substantial justice mitigate against this Court exercising

personal jurisdiction over the Defendants.

### D.  The Plaintiff is not Entitled to Jurisdictional Discovery.

If the Plaintiff requests jurisdictional discovery in this matter, it is well within a court's

discretion to deny jurisdictional discovery where, as here, the Plaintiff has not even made a

*prima facie* showing that the Court has personal jurisdiction over the Defendants.

It is appropriate for the Court to deny jurisdictional discovery where the "Plaintiffs make

a generalized request to conduct discovery that is more akin to a 'fishing expedition.'" S*ee*

*Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715, 102

S.Ct. 2099, 72 L.Ed.2d 492 (1982) (Powell, J.) (concurring opinion) ("A plaintiff is not entitled

to discovery to establish essentially speculative allegations necessary to personal jurisdiction.").

The Court should deny any request by the Plaintiff to conduct a fishing expedition to try

to find a basis for personal jurisdiction in the District of Columbia, where the First Amended

Complaint completely fails to make a *prima facie* showing of basis for personal jurisdiction.

## IV.    Conclusion

For the reasons presented herein, the Defendants LoanSmart LLC, Tracy Jouett, and Ian

Jouett respectfully request that the Court GRANT their Motion to Dismiss the First Amended

Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Respectfully submitted,

/s/ Minturn Wright
Minturn Wright (Bar No. 455823)
SHANNON MULLINS & WRIGHT LLP
124 S. Royal Street
Alexandria, Virginia 22314
Phone: (571) 620-1930
Fax: (571) 620-1931

/s/Carl A. Hjort, III
Carl A. Hjort, III (pending admission pro hac vice)
Byron A. Bilicki (pending admission pro hac vice)
The Bilicki Law Firm, P.C.
1285 North Main Street
Jamestown, NY 14701
Phone: (716) 664-5600
Fax: (716) 664-5606

**Counsel for the Defendants LoanSmart LLC,
Tracy Jouett and Ian Jouett**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2021, the foregoing Memorandum in Support of the Motion to Dismiss for Lack of Personal Jurisdiction was electronically filed via CM/ECF in the United States District Court for the District of Columbia, and thereafter electronically served upon:

Robert Dewitty
DEWITTY AND ASSOCIATES
700 Pennsylvania Avenue, SE
2nd Floor
Washington, DC 20003
202-380-9609
Email: admin@dewittyip.com

Margaret Anne Anthony
7401 Eastmoreland Road
Suite 714
Annandale, VA 22003
(571) 263-1573
Email: margaretanthony31@yahoo.com

/s/ Minturn Wright